1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2020

SEAN F. McAVOY, CLERK

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| SHAYLA H., <br><br>                 Plaintiff, <br><br>    v. <br><br> ANDREW M. SAUL, Commissioner of the Social Security Administration, <br><br>                 Defendant. | No: 1:19-CV-3257-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

13

14

15

16

17

18

19

20

21

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Cory Brandt. Defendant is represented by Special Assistant United States Attorney Martha A. Boden. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 11, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case for additional proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Shayla H.[1] filed an application for Disability Insurance Benefits (DIB) on April 20, 2016, Tr. 549, alleging disability since December 5, 2015, Tr. 645, due to Crohn's disease, fibromyalgia, depression, anxiety, and muscle spasms in her back, Tr. 668. Benefits were denied initially, Tr. 568-74, and upon reconsideration, Tr. 576-80. A hearing before Administrative Law Judge Eric S. Basse ("ALJ") was conducted on February 23, 2018. Tr. 490-535. Plaintiff was represented by counsel and testified at the hearing. *Id.* The ALJ also took the testimony of vocational expert Jose L. Chaparro. *Id.* Plaintiff amended her onset date to February 17, 2014, at the hearing. Tr. 496. The ALJ denied benefits on September 6, 2018. Tr. 47-60. The Appeals Council denied Plaintiff's request for review on September 5, 2019. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 29 years old at the amended onset date. Tr. 645. She completed

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1  the twelfth grade in 2003.  Tr. 669.  Plaintiff's past work includes jobs as a cashier

2  assistant, a retail customer service, and a photo center worker.  *Id*.  At application,

3  she stated that she stopped working on December 5, 2015, due to her conditions.  Tr.

4  668.

5  ## STANDARD OF REVIEW

6      A district court's review of a final decision of the Commissioner of Social

7  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8  limited; the Commissioner's decision will be disturbed "only if it is not supported by

9  substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158

10  (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

11  mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and

12  citation omitted).  Stated differently, substantial evidence equates to "more than a

13  mere scintilla[,] but less than a preponderance."  *Id*. (quotation and citation omitted).

14  In determining whether the standard has been satisfied, a reviewing court must

15  consider the entire record as a whole rather than searching for supporting evidence in

16  isolation.  *Id*.

17      In reviewing a denial of benefits, a district court may not substitute its

18  judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion

19  when the evidence is susceptible to more than one rational interpretation."

20  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court

21  will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1  error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability

2  determination." *Id*. (quotation and citation omitted).  The party appealing the ALJ's

3  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

4  *Sanders*, 556 U.S. 396, 409-10 (2009).

5  **FIVE-STEP EVALUATION PROCESS**

6  A claimant must satisfy two conditions to be considered "disabled" within the

7  meaning of the Social Security Act.  First, the claimant must be "unable to engage in

8  any substantial gainful activity by reason of any medically determinable physical or

9  mental impairment which can be expected to result in death or which has lasted or

10  can be expected to last for a continuous period of not less than twelve months."  42

11  U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity

12  that he is not only unable to do his previous work[,] but cannot, considering his age,

13  education, and work experience, engage in any other kind of substantial gainful work

14  which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

15  The Commissioner has established a five-step sequential analysis to

16  determine whether a claimant satisfies the above criteria.  See 20 C.F.R. §

17  404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

18  activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial

19  gainful activity," the Commissioner must find that the claimant is not disabled.  20

20  C.F.R. § 404.1520(b).

21  If the claimant is not engaged in substantial gainful activity, the analysis

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**THE ALJ'S FINDINGS**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since February 17, 2014, the amended alleged onset date.  Tr. 50.  At step

two, the ALJ found that Plaintiff has the following severe impairments: obesity;

depression; and anxiety.  Tr. 50.  At step three, the ALJ found that Plaintiff does not

have an impairment or combination of impairments that meets or medically equals

the severity of a listed impairment.  Tr. 50.  The ALJ then found that Plaintiff has the

RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except she has the

following limitations:

> the claimant can frequently climb ramps and stairs and she can
> occasionally climb ladders, ropes, or scaffolds.  The claimant can
> frequently balance and stoop.  She has no limitations on kneeling,
> crouching, and crawling.  The claimant cannot be exposed to
> concentrated extremes of cold, vibrations, and hazardous conditions.
> The claimant can perform simple routine tasks and familiar learned
> detailed tasks.  She may have occasional lapses of attention and
> concentration, but she can complete a normal workday and workweek
> with normal work breaks.

Tr. 52.

At step four, the ALJ identified Plaintiff's past relevant work as a sales

attendant, an inventory clerk, and a security guard, and found that she is capable of

performing her past relevant work as a sales attendant and a security guard.  Tr 59.

The ALJ concluded that Plaintiff has not been under a disability, as defined in the

Social Security Act, from February 17, 2014 through the date of his decision.  Tr. 59-

60.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1    her DIB under Title II.  ECF No. 11.   Plaintiff raises the following issues for this

2    Court's review:

3    1.    Whether the ALJ erred in weighing the medical source opinions;

4    2.    Whether the ALJ properly considered Plaintiff's symptom claims;

5    3.    Whether the ALJ properly weighed the lay witness statements; and

6    4.    Whether the ALJ made a proper step four determination.

7                                **DISCUSSION**

8    **1.    Medical Source Opinions**

9          Plaintiff challenges the weight the ALJ assigned to the medical opinions of

10   William Drenguis, M.D., Esther Hunte, M.D., and Kirsten Nestler, M.D.  ECF No. 11

11   at 6-11.

12         If a treating or examining physician's opinion is uncontradicted, the ALJ may

13   reject it only by offering "clear and convincing reasons that are supported by

14   substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

15   Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another

16   doctor's opinion, an ALJ may only reject it by providing specific and legitimate

17   reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81

18   F.3d 821, 830-31 (9th Cir. 1995)).  Social Security Ruling (S.S.R.) 96-8p states that

19   the RFC assessment "must always consider and address medical source opinions.  If

20   the RFC assessment conflicts with an opinion from a medical source, the adjudicator

21   must explain why the opinion was not adopted."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

### A.    William Drenguis, M.D.

On June 17, 2016, Dr. Drenguis completed a physical evaluation in which he diagnosed Plaintiff with inflammatory bowel disease and a history of fibromyalgia. Tr. 753-57.  Dr. Drenguis opined that Plaintiff's maximum standing/walking capacity with normal breaks is at least four hours; her maximum sitting capacity with normal breaks is at least six hours; her maximum lifting/carrying capacity is 20 pounds occasionally and 10 pounds frequently; her maximum climbing, stooping, kneeling, crouching, and crawling is occasional; her maximum reaching, handling, fingering, and feeling is frequently; and she is limited around dust, fumes, and gases.  Tr. 757. The ALJ gave the opinion "some weight" because it is "partially consistent with the overall evidence of record," stating that "it is consistent with the claimant's normal colonoscopy results and her stable Crohn's symptoms on medication . . . it is consistent with the claimant's physical examination findings that noted the claimant's normal motor strength, normal range of motion, intact sensation, and normal deep tendon reflexes."  Tr. 56.

Here, the ALJ states why he accepted portions of the opinion, but he failed to state why he rejected other portions of Dr. Drenguis' opinion.  Dr. Drenguis' opinion places Plaintiff between sedentary and light RFC, but the ALJ found Plaintiff capable of light work.  Tr. 52.  He also opined greater limitations in Plaintiff's postural abilities and the use of her upper extremity when compared to the ALJ's RFC.  *Id*. The RFC assessment "must always consider and address medical source opinions.  If

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  the RFC assessment conflicts with an opinion from a medical source, the adjudicator

2  must explain why the opinion was not adopted." S.S.R. 96-8p. Therefore, the ALJ

3  erred by failing to state why he failed to adopt these portions of Dr. Drenguis'

4  opinion. The case is remanded for the ALJ to properly address Dr. Drenguis'

5  opinion.

6       **B.    Kirsten Nestler, M.D.**

7       On June 4, 2016, Dr. Nestler completed a psychological consultative

8  examination. Tr. 748-52. She diagnosed Plaintiff with unspecified depressive

9  disorder and unspecified anxiety disorder. Tr. 751. She opined that Plaintiff "may

10  have difficulty performing work activities on a consistent basis without special or

11  additional instructions and may have difficulty maintaining regular attendance in the

12  workplace," and she may have difficulty completing a normal workweek without

13  interruptions and may have difficulty with the usual stress encountered in the

14  workplace." Tr. 752. The ALJ rejected these statements because they "are not

15  specific limitations, but vague statements that the claimant would have difficulty."

16  Tr. 58.

17       Defendant argues that the ALJ may reject an opinion that does not assign any

18  specific limitations on a claimant. ECF No. 15 at 8 *citing Turner v. Comm'r of Soc.*

19  *Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). However, the Court in *Turner*

20  found that the ALJ did not err in rejecting a provider's opinion that a Plaintiff was

21  disabled due to his posttraumatic stress disorder and did not address specific

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

limitations.  613 F.3d at 1222-23.  Here, Dr. Nestler's opinion addressed specific functional abilities identified on the mental residual functional capacity form.  Tr. 751-52.  Dr. Nestler recognized that Plaintiff's abilities in sustaining work activities, maintaining attendance, and handling stress was compromised.  *Id*.  The ALJ did not address these in his RFC determination.  Therefore, the ALJ erred and will need to readdress Dr. Nestler's opinion upon remand.

### C.    Esther Hunte, M.D.

On December 22, 2017, Dr. Hunte completed a Treating Source Statement form detailing her opinion of Plaintiff's limitations.  Tr. 904-07.  These limitations included an inability to sit, stand, or walk for a combined total of eight hours a day, a prediction that Plaintiff would be off task more than 25% of the day if working full time, and a prediction that Plaintiff would miss four or more days of work each month if working full time.  Tr. 904-05.

The ALJ gave the opinion little weight stating "[t]he undersigned agrees that the claimant has some restrictions, but these overall limitations appear out of proportion to the objective medical evidence."  Tr. 57.  Since the case is already remanded to address the medical opinions of Dr. Drenguis and Dr. Nestler, the ALJ will readdress Dr. Hunte's opinion on remand.

### 2.    Plaintiff's Symptom Statements

Plaintiff challenges the ALJ's treatment of her symptom statements.  ECF No. 11 at 11-16.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    It is generally the province of the ALJ to make determinations regarding the

2  reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039

3  (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons,

4  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative

5  evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony

6  must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th

7  Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ

8  must identify what testimony is not credible and what evidence undermines the

9  claimant's complaints."  *Lester*, 81 F.3d at 834.

10    The ALJ found Plaintiff's "statements concerning the intensity, persistence,

11  and limiting effects of these symptoms are not entirely consistent with the medical

12  evidence and other evidence in the record for the reasons explained in this decision."

13  Tr. 53.

14    First, the ALJ found that Plaintiff's statements concerning her physical

15  limitations were "not consistent with  the medical evidence of record that document

16  rather mild findings and improvement in her symptoms with medical treatment."  Tr.

17  53.  The ALJ then summarized the medical evidence in the record.  Tr. 53-55.  In

18  doing so, the ALJ failed to specifically identify what medical evidence undermined

19  specifically identifiable statements made by Plaintiff.  The ALJ then stated that

20  Plaintiff's "allegations of disabling mental symptoms are not consistent with the

21  medical evidence of record that documents rather mild mental status examination

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

findings and improvement of her symptoms with medications." Tr. 55. The ALJ

followed this statement with a summary of the mental health evidence in the record.

Tr. 55-60. By doing so, the ALJ failed to identify what medical evidence

undermined specific statements Plaintiff made regarding her limitations. "General

findings are insufficient: rather the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The Ninth Circuit has specifically addressed that ALJ determinations that make a

generic non-credibility finding followed by a summary of the medical evidence does

not meet the "specific" portion of the "specific, clear and convincing" standard.

*Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Therefore, by failing to

identify what testimony was undermined by specific evidence, the ALJ failed to meet

the specific, clear and convincing standard.

Second, the ALJ concluded that Plaintiff's "allegations of disability are not

consistent with the medical opinions that generally suggest that the claimant has

considerable work-related abilities." Tr. 56. The evaluation of a claimant's symptom

statements and their resulting limitations relies, in part, on the assessment of the

medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Here, the case is

being remanded for the ALJ to readdress the medical source opinions in the file, and

a new assessment of Plaintiff's subjective symptom statements will be necessary.

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

### 3.    Lay Witness Testimony

Plaintiff challenges the ALJ's rejection of statements made by Plaintiff's husband.  ECF No. 11 at 16-17.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); 20 C.F.R. § 404.1513(a)(4).  "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  An ALJ must give "germane" reasons to discount evidence from "other sources." *Id.* at 919.  This case is already being remanded for the ALJ to properly address the medical source opinions and Plaintiff's symptom statements.  Therefore, on remand, the ALJ will readdress the statements made by Plaintiff's husband.

### 4.    Step Four

Plaintiff also challenges the ALJ's step four determination.  ECF No. 11 at 17-20.

Since the ALJ has been instructed to readdress the medical opinions in the record, Plaintiff's symptom statements, and the statements of Plaintiff's husband, a new RFC determination will be required.  20 C.F.R. § 404.1545.  A new RFC determination means the ALJ will also have to make a new step four determination.  Upon remand, he will need to call a vocational expert to provide testimony at step four and, if necessary, step five.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

**CONCLUSION**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, it is not clear from the record that the ALJ

would be required to find a claimant disabled if all the evidence were properly evaluated.  Therefore, the Court remands this case for further proceedings consistent with this Order.

On remand, the ALJ shall weigh the opinions of Dr. Drenguis, Dr. Nestler, and Dr. Hunte, readdress Plaintiff's symptom statements, readdress the statements made by Plaintiffs husband, form a new RFC, and make a new step four determination.  In addition, the ALJ should supplement the record with any outstanding medical evidence and take the testimony of a psychological expert, medical expert, and vocational expert at remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 15** is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** August 26, 2020.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16